# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURA E. KILLION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-516-GPM |
| | ) |
| HOSPIRA WORLDWIDE, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on January 16, 2009, for a hearing on Defendant's motion for partial summary judgment. For the following reasons and for those set forth on the record during the hearing, Defendant's motion is denied.

Plaintiff Laura Killion was an Anesthesia Critical Care Specialist working as a traveling salesperson from her home in St. Louis, Missouri. She primarily was responsible for selling the drug Precedex in Missouri and Illinois. Counts I and II of Plaintiff's four-count second amended complaint are filed under the Family and Medical Leave Act (FMLA) (interference with Plaintiff's rights under the Act and failure to rehire) and Counts III and IV are filed under state law (Illinois and Missouri retaliatory discharge in violation of public policy). Plaintiff also has filed a motion seeking leave to add a fifth count for breach of contract based on Defendant's treatment of Plaintiff as if she was protected under the FMLA, *see Thomas v. Pearle Vision, Inc.*, 251 F.3d 1132 (7th Cir. 2001).

Defendant seeks summary judgment on Counts I and II, arguing that the FMLA does not

protect Plaintiff because of a statutory exclusion. Specifically, Defendant argues that Plaintiff is excluded from coverage under the FMLA because "[t]he term 'eligible employee' does not include … any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B)(ii) (2006). The Department of Labor has promulgated a federal regulation to provide guidance for determining whether 50 employees are employed within 75 miles, and a subpart specifically addresses employees with no fixed worksite. It provides, in relevant part:

> For employees with no fixed worksite, e.g., construction workers, transportation workers (e.g., truck drivers, seamen, pilots), salespersons, etc., the "worksite" is the site to which they are assigned as their home base, from which their work is assigned, or to which they report. … An employee's personal residence is not a worksite in the case of employees, such as salespersons, who travel a sales territory and who generally leave to work and return from work to their personal residence, or employees who work at home, as under the concept of flexiplace or telecommuting. Rather, their worksite is the office to which they report and from which assignments are made.

29 C.F.R. § 825.111(a)(2) (2009).

"First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984). While Congress defined a number of terms used in the FMLA in § 2611, it did not define the term "worksite." Because there is no "unambiguously expressed intent of Congress" regarding the meaning of "worksite," "the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron*, 467 U.S. at 843. The Department of Labor's regulation defining a salesperson's worksite

as "the office to which they report and from which assignments are made" is a reasonable and therefore permissible construction of the statute, and the Court accords it deference. *See Id.* at 844.

The parties agree the regulation applies but disagree on its meaning as it applies to the facts of this case. Defendant reads the "from which their work is assigned or to which they report" language so that Plaintiff's worksite is the home office of her supervisor, Joelle Goan, in Collierville, Tennessee. Defendant contends that where an employee with no fixed worksite reports to a supervisor who also works from a home office, the supervisor's personal residence is considered the employee's worksite. Defendant states that *Cialini v. Nilfisk-Advance Am., Inc.*, No. CIV. A. 99-3954, 2000 WL 230215 (E.D. Pa. Feb. 28, 2000), is the only case to address this issue and stands for the proposition sought by Defendant.

It is clear from the annotation to the regulation that quite a few courts have dealt with what is known as the "50/75 provision." The regulation's reference to office is obviously to the employer's office to which the employee reports and from which assignments are made. Joelle Goan submitted an affidavit that she was Plaintiff's direct supervisor; that she worked from her home in Collierville, Tennessee; that Plaintiff received assignments and supervisory support from Goan; that Goan supervised between 4 and 9 employees from her home office; and that there are less than 50 employees within 75 miles of Goan's home office. Plaintiff, on the other hand, submitted an affidavit that Goan's supervisor is at Defendant's headquarters in Lake Forest, Illinois (where there are more than 50 employees within 75 miles); that Plaintiff was trained there; that her original business cards showed that as her address (although they were updated with her home address); that her updated business cards still showed a Lake Forest telephone number for customer support; and that her sales goals were set by staff in Lake Forest.

Nothing that Defendant has submitted reflects that Goan's home is considered a *Hospira* office site (except the Pennsylvania case), and neither side has offered anything to show how Hospira is structured. Hospira's own website lists its "U.S. Locations," but does not list an office in Collierville, Tennessee. This is not dispositive, however, because *Plaintiff* submitted a listing of employee addresses and "offices" that are not related or limited to those cities listed on the website.

The Seventh Circuit Court of Appeals has repeatedly reminded courts and counsel that district court opinions have no precedential value. *See, e.g., Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457-58 (7th Cir. 2005). During the hearing, defense counsel suggested that this Court look to *Cialini* as persuasive authority on the issue. *Conners v. SpectraSite Comms., Inc.*, 465 F. Supp. 2d 834 (S.D. Ohio 2006), also discusses the framework that a salesperson's home cannot be his worksite and that the office from which work was assigned and to which he reported are the two most important questions. In *Conners*, the plaintiff's supervisor was in a typical office (in the more historical sense) rather than a home office (as in this case) so the case and analysis reads easily and fits into a common sense framework, even though in that case the plaintiff lost because during the last 12 months of his employment, he did not report to or receive assignments from anyone in the office with more than 50 people within a 75 mile radius. The analysis in *Conners* is not so different than the analysis in *Cialini*. Both cases instruct that the court should review the day-to-day instructions for the "assignment" prong, notwithstanding centralized payroll and certain other centralized managerial or personnel functions. The "report" prong focuses on the location of the personnel primarily responsible for reviewing sales reports and other information sent by the sales representative to record sales, assess performance, develop new sales strategies, and the like. These cases are interesting and that is all that can be said for them.

The record is not clear that Goan's home office is Plaintiff's worksite – not enough is known about Goan's home office. It is not likely that Goan's home office is Plaintiff's "worksite" if it is not Goan's "worksite."

Defendant has failed to meet its burden under Federal Rule of Civil Procedure 56. The parties have submitted competing, conflicting affidavits on the location of the office to which Plaintiff reported and from which her assignments were made. This creates a genuine issue of material fact on the question of eligibility under the FMLA.[1] Accordingly, Defendant's motion for partial summary judgment (Doc. 26) is **DENIED**.

Plaintiff relies on *Pearle Vision* to add another claim, if leave is granted. In that case, the Seventh Circuit Court of Appeals held that even though the plaintiff was not an eligible employee under the FMLA based on the 50/75 provision, the employer contracted to provide benefits under the FMLA. Therefore, the plaintiff had a contractual right to FMLA benefits, even though he was not entitled to them under the Act itself. *Pearle Vision*, 251 F.3d 1132 Plaintiff's motion for leave to file a third amended complaint (Doc. 33) is **GRANTED**, and Plaintiff is ordered to do so on or before **February 6, 2009**.

**IT IS SO ORDERED.**

DATED: 02/03/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1] It is likely that there would be corporate records to indicate from which office Plaintiff received assignments and to which office she reported.